IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00324-BNB

DERRICK SCOTT,

    Plaintiff,

v.

GLYNETT M. SMITH,
O. BLACKWELL,
A. CORTESE,
BURL McCULLAR,
TANYA TURNER,
DEBBIE ALLEN,
BECKY LUCERO,
S. WILLIAMS,
MARY LAWRENCE,
JOY JONES, and
ROMBERT D. DONOHOO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 2 2010

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Derrick Scott, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Scott has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Scott is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Scott will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint filed by Mr. Scott and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Scott fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Scott alleges clearly that he should not be classified as a sex offender and that he should not have to register as a sex offender upon his release. He also alleges clearly that he has suffered adverse consequences for failing to admit he is a sex offender and participate in the sex offender treatment program. However, it is not

clear what specific claims he is asserting against each named Defendant in this action. Instead, Mr. Scott asserts all of his claims against the Defendants collectively without alleging specifically what each Defendant did to violate his rights in connection with each claim. Because the allegations in the Prisoner Complaint span a number of years and the named Defendants include individuals at various prisons in which Mr. Scott has been incarcerated as well as members of the parole board and a deputy district attorney in the State of Wisconsin, Mr. Scott must clarify which claims are being asserted against which Defendants and he must allege specifically how each named Defendant violated his constitutional rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, Mr. Scott will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue any claims in this action. Mr. Scott is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Scott file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Scott, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Scott fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 12, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00324-BNB

Derrick Scott
Prisoner No. 129342
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/12/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk