IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00324-BNB

DERRICK SCOTT,

    Plaintiff,

v.

GLYNETT M. SMITH,
O. BLACKWELL,
A. CORTESE,
BURL McCULLAR,
TANYA TURNER,
DEBBIE ALLEN,
BECKY LUCERO,
S. WILLIAMS,
MARY LAWRENCE,
JOY JONES, and
ROBERT D. DONOHOO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 7 2010

GREGORY C. LANGHAM
              CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Derrick Scott, was a prisoner in the custody of the Colorado Department of Corrections (DOC) when he initiated this action by filing *pro se* a Prisoner Complaint. Based on the notice of change of address Mr. Scott filed on April 16, 2010, it appears that he no longer is incarcerated. On April 13, 2010, Mr. Scott filed an amended Prisoner Complaint, and on May 19, 2010, he filed a second amended Prisoner Complaint. Mr. Scott asserts a number of claims pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. He seeks damages as well as declaratory and injunctive relief.

Mr. Scott has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss Mr. Scott's claims in the second amended complaint at any time if the claims are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the second amended complaint in part as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Scott is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Scott's claims in this action arise out of his classification as a sex offender and the interpretation of his 1997 conviction in the State of Wisconsin. According to Mr. Scott, he agreed to plead guilty in the 1997 Wisconsin case to sexual intercourse with a child sixteen years old or older. Mr. Scott insists that he never has been prosecuted for or convicted of a sexual assault. However, he alleges that DOC officials in Colorado erroneously have determined the 1997 Wisconsin conviction constitutes a sexual assault. Mr. Scott contends that the DOC's erroneous interpretation of his 1997

Wisconsin conviction has led to a variety of adverse consequences including mandatory sex offender classification, treatment, and registration. The named Defendants in the second amended complaint include various DOC officials, two Colorado parole board members, and a deputy district attorney in the State of Wisconsin.

The Court will address in this order only Mr. Scott's claims against Defendant Robert D. Donohoo, the Wisconsin deputy district attorney. Mr. Scott attempts to hold Defendant Donohoo liable for the alleged violations of his constitutional rights by Colorado officials because Defendant Donohoo wrote a letter on May 25, 2006, to a DOC official in response to a request for certain records in Mr. Scott's Wisconsin case. A copy of Defendant Donohoo's letter is attached as exhibit #44 to Mr. Scott's original complaint filed in this action on February 16, 2010. In that letter, Defendant Donohoo stated that he was attaching copies of the following documents from the court file in Mr. Scott's Wisconsin case: the criminal complaint, the judgment of conviction and sentence, the crime victim impact statement, and Mr. Scott's guilty plea questionnaire and waiver of rights form. Mr. Scott's claims against Defendant Donohoo are based entirely on the May 25, 2006, letter.

Even assuming Mr. Scott could demonstrate that the Court has personal jurisdiction over Defendant Donohoo and that the claims against Defendant Donohoo are not barred by the statute of limitations, the Court finds that Defendant Donohoo must be dismissed as a party to this action for lack of personal participation. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Scott

Wisconsin conviction has led to a variety of adverse consequences including mandatory sex offender classification, treatment, and registration. The named Defendants in the second amended complaint include various DOC officials, two Colorado parole board members, and a deputy district attorney in the State of Wisconsin.

The Court will address in this order only Mr. Scott's claims against Defendant Robert D. Donohoo, the Wisconsin deputy district attorney. Mr. Scott attempts to hold Defendant Donohoo liable for the alleged violations of his constitutional rights by Colorado officials because Defendant Donohoo wrote a letter on May 25, 2006, to a DOC official in response to a request for certain records in Mr. Scott's Wisconsin case. A copy of Defendant Donohoo's letter is attached as exhibit #44 to Mr. Scott's original complaint filed in this action on February 16, 2010. In that letter, Defendant Donohoo stated that he was attaching copies of the following documents from the court file in Mr. Scott's Wisconsin case: the criminal complaint, the judgment of conviction and sentence, the crime victim impact statement, and Mr. Scott's guilty plea questionnaire and waiver of rights form. Mr. Scott's claims against Defendant Donohoo are based entirely on the May 25, 2006, letter.

Even assuming Mr. Scott could demonstrate that the Court has personal jurisdiction over Defendant Donohoo and that the claims against Defendant Donohoo are not barred by the statute of limitations, the Court finds that Defendant Donohoo must be dismissed as a party to this action for lack of personal participation. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Scott

must show that Defendant Donohoo caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant Donohoo's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Mr. Scott's allegation that Defendant Donohoo provided documents relevant to Mr. Scott's Wisconsin criminal case to a DOC official does not demonstrate that Defendant Donohoo personally participated in the constitutional violations that allegedly occurred as a result of the DOC's interpretation of those records. Therefore, because Mr. Scott fails to allege personal participation by Defendant Donohoo in the constitutional claims asserted in the second amended complaint, the claims against Defendant Donohoo are legally frivolous and must be dismissed. The Court will not address the merits of Mr. Scott's claims against the other Defendants at this time. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that the claims against Defendant Robert D. Donohoo are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Defendant Robert D. Donohoo is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __7th__ day of __June__, 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00324-BNB

Derrick Scott
1525 Valentina Street
Denver, CO 80220

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/7/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk