**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00324-REB-BNB

DERRICK SCOTT,

    Plaintiff,

v.

GLYNETT M. SMITH,
O. BLACKWELL,
A. CORTESE,
BURL McCULLAR,
TANYA TURNER,
DEBBIE ALLEN,
BECKY LUCERO,
S. WILLIAMS,
MARY LAWRENCE, and
JOY JONES,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) **The CDOC Defendants' Motion To Dismiss Pursuant To FED. R. CIV. P. 12(b)(6)** [#35][1] filed August 16, 2010; (2) the **Motion To Dismiss from Defendant Jones** [#39] filed August 17, 2010; and (3) the **Recommendation of United States Magistrate Judge** [#50] filed January 19, 2011. I approve and adopt the recommendation, deny the motions to dismiss as moot, and dismiss this case.

---

[1] "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Because the plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff did not file objections to the recommendation and, therefore, I review the recommendation only for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the magistrate judge's recommended disposition, I approve and adopt the recommendation.

The defendants filed their motions to dismiss [#35 & #39] in August 2010. The magistrate judge ordered the plaintiff to file responses to the motions to dismiss and granted the plaintiff's two requests for extensions of time to file responses. Notwithstanding, the plaintiff has not filed responses. On January 18, 2011, the magistrate judge ordered [#49] the plaintiff to show case why this case should not be dismissed for failure to prosecute under D.C.COLO.LCivR 41.1, the provisions of which are tied to FED. R. CIV. P. 41. The plaintiff did not respond to the order to show cause.

Under FED. R. CIV. P. 41(b), a case may be dismissed based on a plaintiff's failure to prosecute. As detailed by the magistrate judge, the plaintiff in this case has failed to prosecute this action and has been warned that dismissal of this case is the likely consequence of his failure to prosecute. Dismissal of this case for failure to prosecute is appropriate.

The magistrate judge recommends also that this case be dismissed as a

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. **Morales-Fernandez**, 418 F.3d at 1122.

2

sanction for the plaintiff's failure to follow the orders of this court.  Such a sanction is authorized by FED. R. CIV. P. 41(b).  The factors outlined in **Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992), must be considered before dismissing a plaintiff's complaint as a sanction for failure to comply with the court's orders.  The **Ehrenhaus** factors include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective.  **Ehrenhaus**, 965 F.2d at 921; **Cosby v. Meadors**, 351 F.3d 1324, 1333 (10th Cir. 2003). On balance, the **Ehrenhaus** factors weigh heavily in favor of dismissal with prejudice.

Here, each of the relevant five factors has been satisfied.  The defendants face substantial prejudice because they have been required to address the plaintiff's claims, and then the plaintiff has decided to ignore this case.  The plaintiff's failure to prosecute interferes with the judicial process because the court has spent time and resources on this case, and the plaintiff has decided to abandon his case.  The plaintiff is culpable for these circumstances because it is the plaintiff who decided to file this case and then abandon it.  The plaintiff was warned in the magistrate judge's order to show cause [#49] that dismissal is the likely sanction for his failure to prosecute.   In view of the plaintiff's total lack of response to the court's orders, it is impossible to imagine a lesser sanction that would be effective.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#50] filed January 19, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the plaintiff's **Prisoner Complaint** [#14] filed May 19, 2010, is

3

**DISMISSED WITH PREJUDICE**;

3. That **The CDOC Defendants' Motion To Dismiss Pursuant To FED. R. CIV. P. 12(b)(6)** [#35] filed August 16, 2010, is **DENIED** as moot;

4. That the **Motion To Dismiss from Defendant Jones** [#39] filed August 17, 2010, is **DENIED** as moot;

5. That **JUDGMENT SHALL ENTER** in favor of the defendants, Glynett M. Smith, O. Blackwell, A. Cortese, Burl Mccullar, Tanya Turner, Debbie Allen, Becky Lucero, S. Williams, Mary Lawrence, and Joy Jones, against the plaintiff, Derrick Scott;

6. That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That this case is **CLOSED**.

Dated February 14, 2011, at Denver, Colorado.

                                                    **BY THE COURT:**

*Robert E. Blackburn*
Robert E. Blackburn
United States District Judge